IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| NATHAN HOYE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:23-cv-01648 |
| | ) |
| vs. | ) |
| | ) Senior United States District Judge |
| ALLEGHENY COUNTY MEDICAL | ) Nora Barry Fischer |
| DEPARTMENT, WARDEN ORLANDO | ) |
| HARPER, RISPERDAL | ) |
| MANUFACTURER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

On September 14, 2023, pro se Nathan Hoye initiated the above captioned civil rights case against the Allegheny County Medical Department, Warden Orlando Harper, and "Risperdal Manufacturer."[1] In accordance with the Magistrate Judges Act, 28 U.S.C. § 636, and the Local Rules of Court, all pretrial matters were referred to United States Magistrate Judge Cynthia Reed Eddy. On September 26, 2023, the Magistrate Judge issued a Report and Recommendation (ECF No. 3) recommending that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be granted (ECF No. 1) and that the Complaint (ECF No. 1-1) be summarily dismissed pre-service for failure to state a claim pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). Plaintiff was served with the Report and Recommendation at his listed address of record and advised that written

---

[1] "Risperdal®, . . . is a second-generation antipsychotic prescription medication. It is manufactured and sold by Janssen Pharmaceuticals, Inc., a wholly owned and independently managed subsidiary of Johnson & Johnson Company." *In re Risperdal Litig*, 223 A.3d 633, 654 (Pa. 2019).

1

objections were due by October 16, 2023.  To date, no objections have been filed nor has Plaintiff sought an extension in time in which to do so.

The Court has reviewed the matter and concludes that the Report and Recommendation correctly analyzes the issues and makes a sound recommendation that the claims in the instant complaint are time barred.[2]  The applicable statute of limitations for personal injury and product liability claims in Pennsylvania is two years.  42 Pa. C.S. § 5524(2). The time to file begins running "from the time the cause of action accrued[.]" 42 Pa. C.S. § 5502(a).  "Generally, 'a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted'." *In re Risperdal Litig*, 223 A.3d 633, 662 (Pa. 2019) (quoting *Wilson v. El-Daief*, 964 A.2d 354, 361 (2009)).  The discovery rule is an exception that "toll[s] the applicable statute of limitations until a plaintiff could reasonably discover the cause of his action, including in circumstances where the connection between the injury and the conduct of another are not readily apparent." *Id*.  "[T]he 'commencement of the limitations period is grounded on 'inquiry notice' that is tied to 'actual or constructive knowledge or at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Id*. at 640 (quoting *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018)) (internal citation omitted).

---

[2] The Court notes that this is not the first time that Plaintiff has filed lawsuits in this Court against Allegheny County Jail and its officials and/or the "Risperdal manufacturer" alleging he developed gynecomastia as a result of being prescribed Risperdal.  *See Hoye v. Allegheny County Medical Staff Depart., et al*., Civ. A. No. 17-0020 (W.D. Pa.) (motions to dismiss granted); *Hoye v. Risperdal Drug Lawsuit Source, et al*., Civ. A. No. 18-1013 (W.D. Pa) (prescreen dismissed without prejudice based on three strikes provision of the PLRA); *Hoye v. Risperdal Manufacturer, et al.*, Civ. A. No. 18-1255 (W.D. Pa.) (same); *Hoye v. Allegheny County Medical Dept*., Civ. A. No. 20-1438 (W.D. Pa) (dismissed without prejudice as motion for in forma pauperis deficient); *Hoye v. Johnson & Johnson*, Civ. A. No. 23-1636 (W.D. Pa.) (dismissed with prejudice pursuant to screening provisions of 28 U.S.C. § 1915(e)(2)); and *Hoye v. Johnson & Johnson*, Civ. A. No. 23-1719 (pending).

It is unclear from the instant Complaint when Plaintiff had actual or constructive knowledge of the possible link between ingesting Risperdal and his alleged gynecomastia, but it appears from the allegations in the Complaint that he was first prescribed Risperdal by the Allegheny County Jail medical department on May 2, 2013. Taking judicial notice of the filing of Plaintiff's prior lawsuits involving the administration of Risperdal while he was incarcerated in Allegheny County Jail, at least by 2017, Plaintiff was contending that the medical department at Allegheny County Jail had prescribed him Risperdal, and that he then developed gynecomastia as a result of his ingestion of Risperdal. *See Hoye v. Allegheny County Medical Staff Depart.,* et al., Civ. A. No. 17-0020 (W.D. Pa.). Now, almost five years after Civ. A. No, 17-0020 was dismissed, his first case in which he named Allegheny County Medical Staff and Warden Orlando Harper as defendants, and Civ. A. No. 18-1255 was dismissed, his first case in which he named "Risperdal Manufacturer" as a defendant, he seeks to resurrect identical claims by filing this new lawsuit. Even giving Plaintiff the benefit of the discovery rule, this lawsuit has been filed well beyond the applicable two-year statute of limitations as Plaintiff's prior filings make clear that by at least 2017 he was aware of the possible link between his ingestion of Risperdal and his alleged gynecomastia. Thus, the Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Amendment would be futile.

Alternatively, the Court finds that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous. "Repetitious litigation of virtually identical causes of action also may be dismissed under § 1915 as frivolous or malicious." *Banks v. County of Allegheny*, 568 F. Supp.2d 579, 589 (W.D. Pa. 2008) (quoting *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997)). Here, as discussed above, the instant complaint contains virtually identical claims as those

brought in Civ. A. No. 17-0020 and Civ. A. No. 18-1255. Thus, the Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Amendment would be futile.

Upon consideration of the Complaint, together with the Report and Recommendation, and after undertaking a *de novo* review of the record,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 1) is **GRANTED**;

**IT IS ORDERED** that the Complaint is **DISMISSED** with prejudice for failure to state a claim pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2) and leave to amend is **DENIED** as futile.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 3) dated September 26, 2023, is **ADOPTED,** as supplemented**,** as the Opinion of the District Court.

The Clerk of Court is **ORDERED** to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

**SO ORDERED** this 30th day of October, 2023.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc:   NATHAN HOYE
2949 North Charles Street
Apartment 303
Pittsburgh, PA 15214
(via U.S. First Class Mail)